IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ANGELA ANN DANIELS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 318-085 |
| ) | |
| ANDREW SAUL, Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Angela Ann Daniels appeals the decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.   BACKGROUND**

Plaintiff applied for DIB on October 7, 2013, alleging a disability onset date of September 5, 2013. Tr. ("R."), pp. 118, 151. Plaintiff's last insured date for purposes of the DIB application is December 31, 2018. R. 14. Plaintiff was forty-two years old on her alleged disability onset date. R. 118. Plaintiff applied for benefits based on allegations of chronic

obstructive pulmonary disease, angina, coronary artery disease, arthritis, and anxiety.  R. 118.  Plaintiff has a college degree in accounting, which was completed in 2002.  R. 359.  Prior to her alleged disability, Plaintiff had accrued relevant work history as an office manager, debt collector, debt collection clerk, file clerk, and receptionist.  R. 359, 374-80.

The Social Security Administration denied Plaintiff's applications initially, R. 107-22, and on reconsideration, R. 118-47.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), R. 191-92, and the ALJ held a hearing on April 28, 2016.  R. 59-117.  At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as from Don K. Harrison, a Vocational Expert ("VE").  Id.  On May 25, 2016, the ALJ issued an unfavorable decision.  R. 148-170.

On June 16, 2016, Plaintiff requested review of the ALJ's decision from the Appeals Council ("AC"), and on June 21, 2017, the AC granted Plaintiff's request for review, vacating and remanding the ALJ's decision.  R. 173-74, 241-248.  The AC identified two issues, stating there was insufficient evidence regarding Plaintiff's need for a roller walker and further evaluation of Plaintiff's fibromyalgia was needed to determine if it is "a medically determinable impairment that causes more than a minimal effect" on Plaintiff's ability to work.  R. 173-74.  Concerning the walker, the AC stated as follows:

> Under authority of 20 C.F.R. § 404.977, the [AC] vacates the hearing decision and remands this case to an [ALJ] for resolution of the following issues:
> 
> - The record contains insufficient evidence regarding [Plaintiff's] need for a rolling walker.  Treatment records shows that a heavy duty rollator was prescribed August 2014 for a "deficit in the ability to ambulate safely in the environment they occupy" and that a less assistive device such as a cane had proven ineffective or unusable.  The claimant was reportedly still using the walker when seen for therapy in January 2016.  There is no documentation or medical opinion in the record establishing the claimant did not medically require a rolling

2

> walker. Pursuant to Social Security Ruling 96-9p, further development is needed to determine if the walker is medically required and to describe the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). The occupational base for sedentary work may be significantly eroded for an individual who must use such a device for balance because of significant involvement of both lower extremities.
>
> . . . .
>
> Upon remand the Administrative Law Judge will:
>
> - Obtain additional evidence concerning the claimant's use of rolling walker in order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence. The additional evidence may include, if warranted and available, consultative examinations and medical source opinion about what the claimant can still do despite the impairment.
>
> - If warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupations base. The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy. Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations.

R. 173-74 (citations omitted).

On remand, the ALJ held a second hearing on January 30, 2018. R. 36-58, 294-301. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as from Tina Baker-Ivey, a Vocational Expert ("VE"). R. 36-58. On May 25, 2016, the ALJ issued an unfavorable decision. R. 10-35. Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

3

1. The claimant has not engaged in substantial gainful activity since September 5, 2013, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.*).

2. The claimant has the following severe impairments: ischemic heart disease; chronic obstructive pulmonary disease ("COPD") and/or bronchial asthma; obesity; right lower extremity impairment (20 C.F.R. § 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).

4. The claimant has the residual functioning capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b)[1] except sit up to 6-hours of an 8-hour workday; stand/walk up to 2-hours of an 8-hour workday; occasionally use a right foot control; can occasionally climb stairs, balance, stoop, kneel, crouch, crawl, but should never climb ladders; claimant should avoid concentrated exposure to extreme pulmonary irritants and hazards.

5. The claimant is capable of performing past relevant work, but only as normally performed in the national economy, as follows: office manager DOT Code 169.167-034, sedentary, SVP 7, performed at medium; debt collection clerk, DOT code 241.357-010, sedentary, SVP 5, but performed at medium. The claimant can also perform past relevant work as a receptionist, DOT Code 237.367-038, sedentary, SVP 4, performed at sedentary, under claimants RFC. This work does not require the performance of work-related activities precluded by the claimant's RFC (20 C.F.R. § 404.1565). Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from September 5, 2013, through the date of the ALJ's decision (20 C.F.R. § 404.1520(f)).

---

[1]"Light work" is defined as work that involves:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

Id.

Recognizing the record still did not contain any medical opinions concerning whether Plaintiff medically required a rolling walker, the ALJ made no effort to obtain consultative examinations or medical source opinions concerning this issue, as the AC had instructed. R. 24. Instead, the ALJ reviewed the medical record, located anecdotal statements of Plaintiff's ability to ambulate much like the evidence the AC previously found wanting, and found "the medical evidence does not support a finding that the claimant continues to require a rollator for ambulation." R. 25.

When the AC denied Plaintiff's request for review of the second ALJ decision, R. 1-8, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ failed to properly: (1) comply with the AC's remand order by not properly evaluating Plaintiff's use of an assistive device; (2) consider examining source opinions resulting in an unexplained and unsupported RFC determination; and (3) consider Plaintiff's subjective allegations. See doc. no. 17 ("Pl.'s Br."); doc. no. 19 ("Pl.'s Reply Br."). The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. See doc. no. 18 ("Comm'r's Br.").

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by

5

substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of Commissioner's legal conclusions are not subject to substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679

F.2d 1387, 1389 (11th Cir. 1982).

## III.  DISCUSSION

Plaintiff first argues the ALJ failed to comply with the AC's order because the ALJ failed to properly evaluate Ms. Daniel's use of the rolling walker. Pl.'s Br., pp. 1, 8-17. Specifically, Plaintiff argues the ALJ did not determine whether Plaintiff medically required the rolling walker. Id. The Commissioner responds without specifically addressing whether the ALJ complied with the AC's remand order and, instead, argues Plaintiff failed to prove she required the use of the rolling walker. Comm'r's Br., pp. 6-12. The Court disagrees.

When a case is remanded by the AC to the ALJ, "[t]he administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. §§ 404.977(b) (emphasis added). Failing to follow the terms of the remand order is a legal error that requires this Court to remand the case to the Commissioner. Apone v. Comm'r of Soc. Sec., 435 F. App'x 864, 865 (11th Cir. 2011); Ross v. Comm'r of Soc. Sec., No. 6:12-cv-959-Orl-22GJK, 2013 WL 5236680, at *2-3 (M.D. Fla. Sept. 17, 2013); Dunbar v. Comm'r of Soc. Sec., CV 104-114, doc. no. 15 (S.D. Ga. Sept. 26, 2006) (Bowen, J.).

The AC based its remand decision on the absence of any medical opinion in the record concerning whether a walker was medically required, and the AC instructed the ALJ to "[o]btain additional evidence" that "may include, if warranted and available, consultative examinations and medical source opinions about what the claimant cans still do despite the impairment." R. 174. Still lacking any medical opinion concerning whether a walker was medically required, the ALJ did not obtain additional evidence but instead developed his own opinion based on anecdotal statements in the record concerning Plaintiff's daily activities and

7

ability to ambulate, which is the very type of evidence the AC found wanting in the first instance. The ALJ's refusal to comply with the AC's directive requires reversal. See, e.g., Tauber v. Barnhart, 438 F. Supp.2d 1366, 1375-76 (N.D. Ga. 2006) (finding direction from AC that ALJ "will further develop the record" regarding demands of past relevant work required ALJ to specifically consider area identified as deficient in original opinion and failure to do so is reversible error); Brooks v. Astrue, No. 1:09-cv-2458-JFK, 2010 WL 3491230, at *8-9 (N.D. Ga. 2010) (recognizing ambiguity in AC remand order that stated an ALJ was "required to obtain additional evidence" that "may include" a neurological examination, but finding error in failure to obtain neurological consult on remand to ALJ when considering the entire context of the remand order identifying need for additional information on neurological status).

Rather than seek additional medical evidence from consultative examinations or medical source opinions, which would definitively establish whether Plaintiff required the rolling walker, the ALJ cited to Plaintiff's active lifestyle to support his finding Plaintiff did not require a rolling walker. R. 24-25. However, nowhere in the ALJ's decision does it explain how the activities cited by the ALJ excluded use of the rolling walker. See R. 24-25. Even when Plaintiff had to push a cart at the grocery store instead of using a motorized cart, Plaintiff explained she used the pushcart like her rolling walker. R. 24, 101. Multiple medical documents noted Plaintiff's continued use of the rolling walker, such as when she received replacement walkers and used the rolling walker to get to doctor's appointments. See R. 1180-81, 2004, 2054, 2068, 2262. Most importantly, there was no medical documentation showing Plaintiff was to discontinue use of the rolling walker. Therefore, the ALJ failed to obtain any additional evidence subsequent the AC's remand order establishing

8

whether Plaintiff medically required the rolling walker and such failure is grounds for remand.

The Commissioner points out Plaintiff has the burden of proving her disability and is responsible for providing evidence in support of her claim. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003). In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to obtain additional information by ordering a consultative examination unless the record establishes that such an examination is necessary to enable an ALJ to render an informed decision. Ingram v. Comm'r of Soc. Sec. Admin, 496 F.3d 1253, 1269 (11th Cir. 2007); Wilson v. Apfel, 179 F.3d 1276, 1278 (11th Cir. 1999); Holladay v. Bowen, 848 F.2d 1206, 1210 (11th Cir. 1988). Here, Plaintiff already had a prescription for the rolling walker as early as 2014, and there was no medical documentation showing any change in the prescription. R. 1270-71. Medical records even show Plaintiff using a rolling walker as late as October 2016 because she needed a replacement walker. R. 2262. Thus, for the ALJ to render an informed decision that Plaintiff did not require a rolling walker, he needed medical evidence, such as a consultative examination, to overcome an existing prescription for the rolling walker, especially in light of the AC's remand order finding the record evidence initially deficient for not establishing whether Plaintiff medically required the rolling walker.

For all of these reasons, the Court cannot agree the ALJ "adequately complied" with the AC's remand order, and a remand is warranted. The Court need not reach Plaintiff's remaining contentions. Cf. Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert testimony alone warrants reversal,' we do not consider the appellant's other claims.") Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the

sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

IV. **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 6th day of April, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA